IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANASSEH LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-1033-L (BF) |
| | § | |
| BONY, BANK OF NEW YORK, as | § | |
| trustee for Certificate Holder, SWASB Inc. | § | |
| Assets Back Certificates Series 2004-7, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this removed civil action has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendants Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE") and Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (doc. 7, "Motion to Dismiss"), filed on March 15, 2013. Plaintiff Manasseh Lee ("Plaintiff") failed to file a response and the time to do so has expired. For the following reasons, this Court recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's claims against BDFTE and Fannie Mae (collectively referred to as "Defendants") with prejudice.

**Background**

This case arises out of foreclosure proceedings initiated against the real property located at 3331 Prancer Street, Lancaster, Texas 75146 (the "Property"). (Defs.' Mot. To Dismiss ¶ 1.) Plaintiff challenged the foreclosure by filing a Verified Application for Immediate Temporary Restraining Order for 14 Days and Permanent Injunction Supported by Affiant's Affidavit by Writ of Right With All Incorporated Declaration of Rights Reserved ("Petition") against defendants Wells Fargo Bank,

N.A. ("Wells Fargo"), Bank of New York, BDFTE, and Fannie Mae in the 162nd Judicial District Court of Dallas County, Texas. (*Id.* at ¶ 3.) Plaintiff, proceeding *pro se,* filed his Petition on February 11, 2013, and the state court issued a Temporary Restraining Order on February 13, 2013, preventing any of the named defendants in Plaintiff's Petition from evicting Plaintiff from the Property. (Def.'s Notice of Removal at 39-40, Ex. B6.) Defendant Wells Fargo thereafter timely removed the case to this Court based on federal question and diversity jurisdiction.[1] (*Id.* at ¶¶ 12-24.) Subsequently, Defendants BDFTE and Fannie Mae filed a joint Motion to Dismiss, which is now ripe for review.

### Standard of Review

While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* partes are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action

---

[1] BDFTE and Fannie Mae consented to the removal. (*Id.* at 152-53, Ex. C.)

is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498. However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

## Analysis

When liberally construing Plaintiff's Petition, it appears to the Court that Plaintiff raises the following claims: (1) Fraud and Misrepresentation; (2) Racketeer Influenced and Corrupt Organizations ("RICO") violation; (3) Wrongful Foreclosure; and (4) Injunctive relief. The Court will now address the merits of each of these claims.

**Fraud and Misrepresentation**

In Texas, in order to state a claim for common law fraud or fraud by misrepresentation, a plaintiff must show: (1) the defendant made a material representation; (2) the representation was false; (3) the speaker knew it was false at the time it was made, or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff should act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)

(citation omitted). Furthermore, in federal court, a plaintiff must also comply with Rule 9(b)'s heightened pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)). Plaintiff has failed to allege such facts.

In his Petition, Plaintiff makes the conclusory allegation that Defendants have committed fraud and misrepresentation because Defendants are in contempt of consent judgment orders. (Pl.'s Pet. ¶ 4.) Plaintiff claims that Defendants "are in violation and have failed to abide by their on [sic] agreement signed off by all Banks and all Attorney General[s] of 50 States and the United States Attorney General in Consent Judgment **case 1:12-cv-00361-RMC** recorded in the District of Columbia, All Respondents are now in contempt of order." (*Id.*) Plaintiff has failed to allege what misrepresentations were made, how these representations were fraudulent, who made such representations, or when or where these misrepresentations were made. Plaintiff has not pled sufficient facts to meet Rule 9(b)'s heightened pleading standard, as Plaintiff has failed to allege any facts surrounding the circumstances constituting the fraud. Accordingly, Plaintiff's claim concerning fraud and misrepresentation should be dismissed.

**RICO**

Plaintiff additionally alleges that Defendants violated RICO. An individual may violate RICO by (1) receiving income from a pattern of racketeering activity and investing that income in an enterprise; (2) acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity; (3) conducting the affairs of an enterprise through a pattern of racketeering activity; and (4)

conspiracy to violate (1), (2), or (3). 18 U.S.C. § 1962; *Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007). In his Petition, Plaintiff asserts that the act of foreclosure should be restrained immediately to prevent "unlawful enrichment and conversion which makes this an act of deliberate Racketeering RICO **organized criminal pattern of practice** . . . ." (Pl.'s Pet. ¶ 7.) Plaintiff has wholly failed to allege any facts showing, or creating a reasonable inference, that Defendants are liable of racketeering activity as defined in RICO. *See* 18 U.S.C. § 1961(1). Thus, Plaintiff's claim brought pursuant to RICO should be dismissed.

**Wrongful Foreclosure**

To succeed on a claim for wrongful foreclosure under Texas law, a plaintiff must show: (1) a defect in the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the defect in the sale and the grossly inadequate selling price. *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.– Houston [14th Dist.] 1989, writ denied). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect. Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.– Beaumont 1977, no writ); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.– San Antonio 1998, no pet.)). Because an inadequate selling price is a necessary element of a wrongful foreclosure action, "a foreclosure sale is a precondition to recovery." *Id.* at 730.

Here, there is no allegation that a foreclosure sale actually occurred. Although Plaintiff alleges that his "home has been wrongfully foreclosed on," Plaintiff is, in fact, still residing at the

Property. (Pl.'s Pet. ¶ 3.) Notwithstanding, even if a foreclosure sale has occurred, Plaintiff's Petition is devoid of any factual allegations that there was a defect in the foreclosure sale or that there was a grossly inadequate selling price. Moreover, because Plaintiff still maintains possession of the Property, Plaintiff has not suffered any actionable harm and, therefore, cannot recover on the basis of wrongful foreclosure. *See Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) ("Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure."). Plaintiff has failed to allege sufficient facts demonstrating that he has stated a legally cognizable claim for wrongful foreclosure. Thus, such claim should be dismissed.

**Injunctive Relief**

A request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex. App.– Houston [1st Dist.] 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiff has failed to state any valid causes of action against Defendants, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive relief fails as a matter of law and should be dismissed.

**Leave to Amend**

Pursuant to this Court's Pretrial Scheduling Order (doc. 8), Plaintiff was afforded three months from the time this case was removed in which to amend his Petition without filing leave to

6

amend. However, Plaintiff did not file an amended petition. District courts typically allow plaintiffs at least one opportunity to amend their pleadings before dismissing a case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Nonetheless, since Plaintiff did not file a response to the Motion to Dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary. *See Cruz v. CitiMortgage, Inc.,* No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (finding plaintiffs pled their best case, and not affording them leave to amend, where no response to the motion to dismiss was filed or a request to amend their pleadings).

## Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss (doc. 7) and dismiss Plaintiff's claims against BDFTE and Fannie Mae with prejudice.

**SO RECOMMENDED**, August 9, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).