IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**MANASSEH LEE**,                  §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §          Civil Action No. **3:13-CV-1033-L**
                                   §
**BONY, BANK OF NEW YORK**, *as*   §
*trustee for Certificate Holder, CWASB Inc.* §
*Assets Backed Certificates Series 2004-7,* §
*et al.*,                          §
                                   §
        Defendants.                §

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 9), filed June 3, 2013. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **vacates** the order of reference in this action (Doc. 5), **grants** Defendant's Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 9), and **dismisses with prejudice** Plaintiff's claims against Wells Fargo.

## I.      Factual and Procedural Background

This is the third mortgage foreclosure action brought by *pro se* Plaintiff Manasseh Lee ("Plaintiff") against Wells Fargo Bank, N.A. ("Wells Fargo") and others pertaining to the alleged wrongful foreclosure of Plaintiff's property located at 3331 Prancer Street, Lancaster, Texas, 75146. All three cases were filed in Dallas County, Texas, and removed to the Northern District of Texas Dallas Division, based on diversity jurisdiction. The first of the three lawsuits, *Lee v. Wells Fargo Bank, N.A., et al.*, Case No. 3:12-CV-2697-P ("*Lee I*"), was originally filed on July 13, 2012, and

dismissed with prejudice on January 4, 2013, after the court granted the defendants' Rule 12(b)(6)

motions to dismiss and Plaintiff failed to file an amended complaint as directed by the court.  The

second lawsuit, *Lee v. Wells Fargo Bank, N.A., et al.*, Case No. 3:13-CV-1041-N ("*Lee II*"), was

originally filed on February 5, 2013.  On September 17, 2013, the magistrate judge assigned to the

case entered findings and recommendation, recommending that Wells Fargo's Rule 12(b)(6) motion

to dismiss be granted and Plaintiff's claims be dismissed with prejudice as barred by res judicata,

based on the dismissal with prejudice of Plaintiff's first action.  This case is pending.

Plaintiff filed the present action on February 11, 2013, against Wells Fargo; BONY, Bank

of New York as Trustee for Certificate Holder, CWASB Inc. Assets Backed Certificates Series 2004-

7 ("BONY"); Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE:); and Federal Nation

Mortgage Association ("Fannie Mae").  On March 8, 2013, the action was removed to federal court.

On March 15, 2013, BDFTE and Fannie Mae moved for dismissal of Plaintiff's claims pursuant to

Rule 12(b)(6).  Plaintiff did not respond to the motion to dismiss.

On August 9, 2013, the magistrate judge recommended that the motion be granted.  No

objections were filed by Plaintiff to the magistrate judge's findings and recommendation. On August

29, 2013, this court accepted the magistrate judge's findings and recommendation, granted BDFTE's

and Fannie Mae's motion to dismiss, and dismissed with prejudice Plaintiff's claims against these

defendants.

On June 3, 2013, Wells Fargo moved to dismiss this action pursuant to Federal Rule of Civil

Procedure 12(b)(6), contending that Plaintiff's claims are barred by res judicata, and that Plaintiff's

pleadings fail to satisfy Federal Rule of Civil Procedure 8(a)'s pleading standard.  Plaintiff again

filed no response to the motion to dismiss. After considering the motion, the court determines, for the reasons herein explained, that Plaintiff's claims against Wells Fargo are barred by res judicata.

## II.        Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197

F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d

429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in

a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court

in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

(citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim

when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556

U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion,

its task is to test the sufficiency of the allegations contained in the pleadings to determine whether

they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.    Res Judicata

Regarding the law applicable to res judicata, the magistrate judge in *Lee II* aptly explained:

> Federal law applies when a federal court determines the preclusive effect of a prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the res judicata effect of a federal judgment is determined by federal common law). A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (citation and emphasis omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

*Lee II* 3 (Doc. 15).  A comparison of the pleadings in this case and *Lee I* reveals that Lee and Wells Fargo are parties in both cases, and, as previously noted, Plaintiff's claims in both cases are the same in that they pertain to the allegedly wrongful foreclosure of his property located at 3331 Prancer Street, Lancaster, Texas, 75146.  A final order and judgment were entered in *Lee I* on January 4, 2013, dismissing with prejudice all of Plaintiff's claims against the defendants in that case, including Wells Fargo.  *Lee I* (Docs. 11-12).  No appeal was taken by Plaintiff in *Lee I*.  Finally, the judgment in *Lee I* was rendered by a court of competent jurisdiction.  Accordingly, Plaintiff's claims against

Wells Fargo are barred by res judicata and therefore fail as a matter of law.  Wells Fargo is therefore entitled to dismissal of Plaintiff's claims against it.

Having determined that Plaintiff's claims against Wells Fargo are barred by res judicata, the court need not address Wells Fargo's contention regarding the sufficiency of Plaintiff's pleadings under Rule 8 but notes that Plaintiff's pleadings are devoid of any factual allegations whatsoever and instead consist entirely of a string of nonsensical, conclusory, formulaic, legal statements.  Because Plaintiff's claims fail as a matter of law and amendment would be futile, the court will not allow Plaintiff to amend his pleadings as to Wells Fargo.

## IV.    Conclusion

For the reasons herein stated, the court concludes that Plaintiff's claims in this case, based on the allegedly wrongful foreclosure of his property located at 3331 Prancer Street, Lancaster, Texas, 75146, are barred by res judicata.  Accordingly, the court **vacates** the order of reference (Doc. 5), **grants** Defendant's Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 9), and **dismisses with prejudice** Plaintiff's claims against Wells Fargo.  *Further, Plaintiff is directed not to file any further civil actions against Wells Fargo, or entities in privity with Wells Fargo, regarding the allegedly wrongful foreclosure of his property located at 3331 Prancer Street, Lancaster, Texas, 75146. Plaintiff's violation of this order will result in monetary or other appropriate sanctions deemed appropriate by the court.*  Finally, the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to Wells Fargo and **directs** the clerk of the court to enter a final judgment as to Defendant Wells Fargo.

**It is so ordered** this 25th day of October, 2013.

Sam A. Lindsay
United States District Judge